1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MIKA CHRISTINA ALFARO,

11            Plaintiff,                No. CIV.S. 06-1370 GEB GGH PS

12      vs.

13   ALCOHOL AND DRUG ADMIN.,           ORDER AND FINDINGS AND

14            Defendant.                RECOMMENDATIONS

15   _____/

16            Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority

17   pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this

18   court by Local Rule 72-302(c)(21).

19            Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

20   unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in

21   forma pauperis will be granted.  28 U.S.C. § 1915(a).

22            Determining plaintiff may proceed in forma pauperis does not complete the

23   required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at

24   any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

25   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

26   an immune defendant.

1

1    A claim is frivolous if it has no arguable basis in law or fact.  Neitzke v. Williams,

2 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson

3 v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

4    A complaint, or portion thereof, fails to state a claim if it appears beyond doubt

5 there is no set of supporting facts entitling plaintiff to relief.  Hishon v. King & Spalding, 467

6 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

7 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

8 this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp.

9 Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and

10 resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

11    Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

12 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

13 Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

14 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

15 dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

16    Plaintiff alleges that the "Alcohol and Drug Administration" owes plaintiff back

17 pay and damages of $35,000.  She states that she "had money coming back from the State of

18 California."  Compl., at 10.  She has also filed documents indicating that she has an action

19 proceeding in small claims court; however, she states that she has transferred that case to this

20 court.  Compl. at 4; Declaration, filed July 21, 2006.  Her sole claim is for breach of contract.

21    The court has been unable to determine a jurisdictional basis for this action.  A

22 federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by

23 the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377,

24 114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the

25 United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may

26 from time to time ordain and establish."  Congress therefore confers jurisdiction upon federal

1  district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S.

2  689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at

3  any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products,

4  Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

5      The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal

6  question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject

7  matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.

8  Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible

9  assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.

10  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as

11  to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.

12  Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

13      The complaint makes no reference to federal law and is not based on diversity

14  jurisdiction, but raises only a state law claim of breach of contract.  Because amendment would

15  not cure the jurisdictional defect based on the set of facts presented by plaintiff, plaintiff will not

16  be given the opportunity to amend her complaint.

17      Accordingly, IT IS ORDERED that plaintiff's request to proceed in forma

18  pauperis is granted.

19      For the reasons stated herein, IT IS RECOMMENDED that this action be

20  dismissed with prejudice for lack of subject matter jurisdiction.

21      These findings and recommendations are submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

23  twenty days after being served with these findings and recommendations, plaintiff may file

24  written objections with the court.  The document should be captioned "Objections to Magistrate

25  \\\\\

26  \\\\\

1   Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections

2   within the specified time may waive the right to appeal the District Court's order.

3   DATED:  8/7/06

4                                                          /s/ Gregory G. Hollows

5                                                          _____
                                                           GREGORY G. HOLLOWS
    GGH:076                                                 UNITED STATES MAGISTRATE JUDGE
6   Alfaro1370.fr.wpd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26